UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:00-CR-346-T-17SPF

ANTOINE JOEL JACKSON.

_____/

ORDER

This cause is before the Court on:

Dkt. 339    First Step Memorandum
Dkt. 343    Motion to Reduce Sentence Pursuant to the
            First Step Act of 2018
Dkt. 349    Response

Defendant Antoine Joel Jackson moves for a reduction of sentence to time served, followed by a term of supervised release of eight years, pursuant to Section 404 of the First Step Act of 2018 and 18 U.S.C. Sec.(c)(1)(B).

The Government does not contest that Defendant Jackson is eligible for a sentence reduction, and does not oppose a reduction to a term of imprisonment of 360 months, followed by 8 years supervised release.

I.  Background

In the Indictment Defendant Antoine Joel Jackson was charged as follows:

Count 1    Conspiracy to possess with intent to distribute
           50 grams or more of cocaine base.

           Violation of 21 U.S.C. Sec. 846

Case No. 8:00-CR-346-T-17SPF

  Count 2    Distribution of 5 grams or more of cocaine base.

          Violation of 21 U.S.C. Sec. 841(a)(1)

  Count 4    Distribution of 50 grams or more of cocaine base.

          Violation of 21 U.S.C. Sec. 841(a)(1)

Before trial, the Government filed its Information and Notice of Prior Convictions. (Dkt. 109)

Defendant Jackson proceeded to a jury trial, and was found guilty on Counts 1, 2 and 4. (Dkt. 127). A special verdict was entered on each count as to drug quantity. (Dkts. 128, 129, 13).

On February 14, 2002, Defendant Jackson was sentenced to a term of life imprisonment without release as to Counts 1, 2, and 4, concurrent; a term of 120 months supervised release if defendant is ever released as to Counts 1 and 4, and a term of 96 months of supervised release as to Count 2, concurrent; fine waived, and a special assessment of $300.00. (Dkts. 153, 154, 159).

At sentencing, Defendant Jackson was held accountable for 88.8 grams of cocaine base. (Dkt. 339, p. 12). Defendant Jackson's base offense level was 32. Based on a career offender enhancement, Defendant Jackson's final offense level became 37. Defendant Jackson's criminal history category was V, but based on USSG Sec. 4B1.1, Defendant's criminal history category became VI. (Dkt. 339, p. 19). Therefore, Defendant Jackson's advisory imprisonment range was life; the supervised release range as to Counts 1 and 4 was 120 months, and as to Count 2 was 96 months. The fine range

2

Case No. 8:00-CR-346-T-17SPF

was $20,000 to $20,000,000. Defendant Jackson's mandatory minimum sentence was life in prison as a result of two prior qualifying felonies under 21 U.S.C. Sec. 851. See 21 U.S.C. Sec. 841(b)(1)(A).

Defendant Jackson appealed his conviction; the Eleventh Circuit Court of Appeal affirmed. (Dkt. 192).

Defendant Jackson moved to vacate, set aside or correct an allegedly illegal sentence pursuant to 28 U.S.C. Sec. 2255; the Court denied Defendant's Motion. (Dkt. 206).

Defendant Jackson moved for a sentence reduction pursuant to Amendment 706 and 18 U.S.C. Sec. 3582(c)(2). Because Defendant Jackson was sentenced as a career offender and the Government requested a Section 851 enhancement of Defendant's statutory penalty based on his prior convictions, Amendment 706 did not have the effect of lowering Defendant's applicable guideline range. The Court denied the Motion. (Dkt. 251)

Defendant Jackson moved to vacate the Judgment denying habeas relief; the Court denied Defendant's Motion. (Dkt. 280).

Defendant Jackson moved to modify his sentence pursuant 18 U.S.C. Sec. 3582(c)(2) and Amendment 750. Because Defendant Jackson was sentenced to a statutory mandatory minimum term of life imprisonment, the amendment did not have the effect of lowering the applicable guideline range. The Court further found that Defendant Jackson was not entitled to relief under the Fair Sentencing Act of 2010 ("FSA"), because the FSA was not retroactive. The Court denied Defendant's Motion. (Dkt. 289).

Case No. 8:00-CR-346-T-17SPF

Defendant Jackson moved for relief under *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. July 28, 2014); the Court denied Defendant's Motion. (Dkt. 330).

II. Discussion

A. Eligibility

Section 404 (b) of the First Step Act of 2018 provides that the court "may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ...were in effect at the time the covered offense was committed." (citation omitted).

Sec. 404(a) defines a "covered offense":

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

However, relief is subject to the following limitations:

c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

4

Case No. 8:00-CR-346-T-17SPF

The Court notes that the Government agrees that Defendant Jackson's offense is a "covered offense." None of the limitations in Sec. 404(c) apply.

B.   Amended Statutory Range and Guideline Range

Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger a mandatory minimum of ten years from 50 grams to 280 grams. Applying Section 2 to Counts 1 and 4 yields a mandatory minimum term of 5 years, with a mandatory 4-year term of supervised release. *See* 21 U.S.C. Sec. 841(b)(1)(B). However, because Defendant Jackson has a qualifying prior felony under 21 U.S.C. Sec. 851, the statutory mandatory minimum term is increased to 10 years, and the mandatory minimum term of supervised release is increased to 8 years.

Pursuant to 21 U.S.C. Sec. 841(b)(1)(C), applying Section 2 to Count 2 changes the statutory range of imprisonment from a range of 10 years to life to a term of imprisonment of up to 30 years, and mandatory minimum term of supervised release to 6 years.

The effect of the First Step Act is to reduce Defendant Jackson's mandatory minimum sentence from life in prison to a 10-year term of imprisonment, followed by an 8-year term of supervised release on Counts 1 and 4.

As to the Sentencing Guidelines, Defendant Jackson meets the requirements of USSG Sec. 4B1.1:

Case No. 8:00-CR-346-T-17SPF

### Sec. 4B1.1. **Career Offender**

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

Based on two qualifying prior felonies, the maximum statutory sentence is life, pursuant to 21 U.S.C. Sec. 841(b)(1)(B). Defendant Jackson's base offense level remains 37. USSG Sec. 4B1.1(b)(1). Defendant Jackson's criminal history category also remains VI.

The amended Guideline range is:

| | |
|---|---|
| Total Offense Level: | 37 |
| Criminal History Category: | VI |
| Imprisonment Range: | 360 months to life |
| Supervised Release Range: | Counts 1 and 4:   8 years |
| | Count 2                6 years |
| Fine Range: | $20,000 to $18,000,000 |

C.  Positions of the Parties

1.  Defendant Antoine Joel Jackson

Defendant Jackson argues that the Court has broad authority to impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect, without limitation on the exercise of the court's discretion

6

Case No. 8:00-CR-346-T-17SPF

to sentence a defendant within the revised FSA statutory range.

Defendant Jackson emphasizes that the relief available pursuant to 18 U.S.C. Sec. 3582(c)(1)(B) is significantly different from the narrow scope of relief available pursuant to 18 U.S.C. Sec. 3582(c)(2). Defendant Jackson argues that, for the Court to determine the appropriate reduction, the Court should consider the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, the Sentencing Guidelines, and post-sentencing conduct.

Defendant Jackson argues that the offenses which were used to enhance his sentence would no longer qualify for the purpose of 21 U.S.C. Sec. 851. Defendant Jackson argues that any term of imprisonment imposed today, including a time-served sentence, exceeds the 10-year minimum mandatory sentence statutorily required under 21 U.S.C. Sec. 841(b)(1)(B), if the enhancement still applied.

Defendant Jackson further agues that the current Sentencing Guidelines Manual applies. Defendant Jackson contends that, if sentenced today, the 1992 battery on a law enforcement officer conviction would no longer qualify to enhance Defendant Jackson's sentence as a career offender. If Defendant Jackson was not subject to the career offender enhancement, Defendant Jackson would have a Total Offense Level of 24 and a Criminal History Category of V, which produces an advisory guideline range of 120 months. Defendant Jackson argues that a further reduction of his sentence is appropriate, considering that Defendant Jackson has served over 18 years in custody, and considering Defendant's post-sentencing conduct.

Defendant Jackson points out that two courts in the Middle District of Florida have reduce Life sentences and varied below the amended guideline range as determined by the U.S. Probation Office, over the objection of the

Case No. 8:00-CR-346-T-17SPF

Government and without the need for a hearing. *See United States v. Lee*, Case No. 8:06-CR-325-T-23JSS, Dkt. 80 (reducing Life sentence to 210 months, where amended career offender guideline range was 262 to 327 months and Government opposed reduction below 262 months); and *United States v. Grimsly*, Case No. 6:97-CR-122-Orl-18GJK, Dkt. 172 (reducing Life sentence to 300 months or time served, whichever is greater, where Probation memo stated guideline range was 360 months to Life, and Government opposed reduction below 360 months).

In the alternative, Defendant Jackson requests that the Court conduct a hearing with Defendant Jackson present to determine a sentence that is sufficient, but not greater than necessary, pursuant to 18 U.S.C. Sec. 3553(a). Defendant Jackson cites *United States v. Hadley*, 2019 WL 3334348 (M.D. Fla. July 24, 2019) and *United States v. Powell*, 360 F.Supp.3d 134 (N.D.N.Y. 2019).

2. The Government

The Government argues that, although Section 401 of the First Step Act modified the types of qualifying prior convictions for sentencing enhancements under 21 U.S.C. Secs. 841(b)(1) and 851, Section 401 applies to offenses committed prior to the enactment of the Act, **if** a sentence for the offense has not been imposed as of the date of enactment. The modifications are not retroactively applicable and do not apply to reductions under Section 404.

The Government agrees with the U.S. Probation Office that Defendant Jackson is eligible for a reduced sentence of a term of imprisonment of 360 months; but nothing in the record supports reducing Defendant Jackson's sentence below a low-end guidelines sentence of 360 months. In other words,

Case No. 8:00-CR-346-T-17SPF

the Government opposes Defendant Jackson's request for a significant downward variance below the low-end of the guidelines.

The Government argues that Defendant Jackson's contentions that Defendant Jackson would not longer qualify for enhanced Section 851 penalties and would no longer be a career offender are not correct, in that a sentence reduction under the First Step Act and Section 3582(c) is not a full resentencing. All original sentencing determinations (Section 851 enhancement and career offender determination) remain unchanged. *See United States v. Cole*, 417 Fed. Appx. 922, 923 (11th Cir. 2011); *United States v. Potts*, 2019 WL 1059837, at *2 (S.D. Fla. Mar. 6,, 2019).

D. Sentence Reduction

The Court will exercise its discretion to reduce Defendant Jackson's sentence. To determine the reduction, the Court considers the Section 3553(a) factors, the revised statutory range under the Fair Sentencing Act, the Sentencing Guidelines and Defendant's post-sentencing conduct. *United States v. Boulding*, 379 F.Supp.3d 646, 652-54 (W.D. Mich. 2019); *United States v. Stanback*, 377 F.Supp.3d 618, 625 n. 2 (W.D. Virginia 5/2/2019)("See also https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last viewed April 29, 2019) (noting in newsletter from the United States Sentencing Commission that courts will have to decide whether a resentencing under the Act is a plenary resentencing proceeding or a more limited resentencing and stating "In either instance, the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with other 3553(a) factors, during the resentencing.")).

Case No. 8:00-CR-346-T-17SPF

The Court acknowledges that the First Step Act does not entitle a defendant to a plenary resentencing, but it also "does not impose any artificial or guideline limits on a reviewing court." *Boulding*, 379 F.Supp.3d at 653.

The U.S. Probation Office correctly calculated Defendant Jackson's statutory range of 10 years to life and guideline range of 360 months to life based on the Section 851 enhancement and career offender designation Defendant Jackson faced when sentenced.

Defendant Jackson seeks a downward variance to a sentence below the low-end of the guidelines range. Defendant Jackson was sentenced on February 14, 2002, when Defendant Jackson was 31 years old. Defendant Jackson is 49 years old, and has remained in custody since his arrest on December 14, 2000.

The Court notes that Defendant Jackson has received one disciplinary infraction in 2016. Defendant Jackson asserts that he has recognized the need to change, and made a personal commitment to change his behavior. (Dkt. 343-4, pp. 1-2). To that end, Defendant Jackson has completed 311 hours of various educational programs from January 2005 through April 2018. (Dkt. 339, p. 3). Defendant's financial obligation has been satisfied. Defendant Jackson receives "good work performance evaluations from his detail supervisor." (Dkt. 343-2, p. 1). Defendant Jackson has the support of a network of family members. (Dkt. 343-5, pp. 1-5).

The Court reduces Defendant Jackson's term of imprisonment on Counts 1, 2 and 4 to 262 months or time served, whichever is greater, concurrent; Defendant Jackson's term of supervised release on Counts 1 and 4 is reduced from 120 months to 96 months, concurrent, and on Count 2 is reduced from 96 months to 72 months, concurrent. Defendant Jackson's fine is waived, and the

Case No. 8:00-CR-346-T-17SPF

special assessment fee is $300.00. The Court varies downward because the guidelines sentence of 360 months is unnecessary to meet the objectives of sentencing. The reduced sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; afford adequate deterrence to criminal conduct and protect the public from further crimes of Defendant Jackson. *See* 18 U.S.C. Sec. 3553(a)(2). As to the kinds of sentences available and the guidelines range, the Court notes that Defendant Jackson has served over the 10-year mandatory minimum, and other courts have varied downward from guidelines sentences in the First Step context. Defendant Jackson's reduced sentence therefore avoids unwarranted disparities between other defendants. *See United States v. Hadley,* 2019 WL 3334348 (M.D. Fla. 7/24/2019)(citing cases). Accordingly, it is

**ORDERED** that Defendant Antoine Joel Jackson's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Dkt. 343) is **granted in part**. As to Counts 1, 2 and 4, Defendant Jackson's term of Life Imprisonment is reduced to a term of 262 months imprisonment, or time served, whichever is greater, concurrent. As to Counts 1 and 4, Defendant's term of supervised release is reduced from 120 months to 96 months, concurrent; as to Count 2, Defendant's term of supervised release is reduced from 96 months to 72 months, concurrent. Defendant's fine is waived, and the special assessment fee is $300. All other terms and conditions of Defendant Jackson's prior sentence remain unchanged and are incorporated by reference.

Case No. 8:00-CR-346-T-17SPF

**DONE and ORDERED** in Chambers in Tampa, Florida on this 5th day of September, 2019.

*[Signature]*
ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record